**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**NEW CINGULAR WIRELESS PCS, LLC**                                 **PLAINTIFF**

**v.**                    **Case No. 4:20-cv-00689-KGB**

**MEDIA GATEWAY FACILITY, LLC**                                        **DEFENDANT**

**JOINT STIPULATION CONCERNING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

Plaintiff New Cingular Wireless PCS, LLC ("AT&T") filed its Complaint (Dkt. No. 1) against Defendant Media Gateway Facility, LLC ("Media Gateway") on May 28, 2020. Also on May 28, 2020 AT&T filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. No. 3), Brief in Support of Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. No. 4), and Plaintiff's Application for Expedited Hearing Concerning its Request for a Temporary Restraining Order and/or Temporary Injunction (Dkt. No. 5).

In lieu of appearing at an expedited evidentiary hearing to decide Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction, the Parties jointly agree to resolve the emergency issue as follows:

1. AT&T's Complaint filed against Defendant on May 28, 2020 asserts claims for specific performance, a permanent injunction, breach of contract, and declaratory judgment.

2. Defendant owns 1 Shackelford Dr., Little Rock, AR 72211 (the "Site").

3. AT&T has a Tower/Ground Lease ("the Lease") for cellular telephone equipment at the Site.

4. Pursuant to the Lease, AT&T has communication equipment on a Tower at the site along with equipment located on the ground adjacent to the Tower.

5. The Lease is valid and binding and provides AT&T twenty-four (24) hours a day seven (7) days a week access to the Site.

6. AT&T, per the Lease, "shall be allowed to install, operate, maintain, replace and remove its communication equipment, and related cables, wires, conduits, antenna, air-conditioning equipment, and other appurtenances as it may from time to time require."

7. AT&T's access claims in this lawsuit can be broken into three categories:

    a) (1) twenty-four (24) hours a day, seven (7) days a week, access to the Site;

    b) (2) twenty-four (24) hours a day, seven (7) days a week, access to the Site to perform maintenance on AT&T's already existing equipment; and

    c) (3) twenty-four (24) hours a day, seven (7) days a week, access to the Site to complete projects requiring the removal and replacement of equipment.

8. The Parties jointly stipulate and agree:

    a) AT&T's Access Claim No. 1

         i. AT&T shall have full twenty-four (24) hours a day, seven (7) days a week access to the Site through a pedestrian gate which stays unlocked, through the smaller East gate that equipment can be brought through, and through the large double West gate. Counsel for Defendant has provided AT&T keys and/or combinations for all locks securing the gates from access. If Defendant changes the keys or combinations to any of the locks, Defendant's counsel shall provide AT&T's counsel the new keys or combinations within twenty- four (24) hours.

    b) AT&T Access Claim No. 2

        i. AT&T shall have full twenty-four (24) hours a day seven (7) days a week access to the Site to inspect, photograph, repair, replace, and/or complete maintenance and upkeep on its existing equipment located on the Tower and on the ground adjacent to the Tower at the Site. AT&T shall be permitted to replace any equipment that fails. If the exact equipment that fails cannot be obtained, AT&T has permission to replace failed equipment on both the Tower and ground with similar equipment that may not be identical. While this litigation is pending, AT&T shall not without permission from the Court, increase the number, dimensions, or weight of equipment on the Tower or impact the wind load on the Tower.

    c) AT&T's Access Claim No. 3

        i. While the Parties continue with litigation to establish the rights set forth in the Lease, unless approved by the Court, AT&T will not increase the number, dimensions, or weight of equipment on the Tower or impact the wind load on the Tower.

9. AT&T shall have no obligation to provide Defendant notice when access is needed to the Site.

10. AT&T shall have no obligation to provide Defendant notice to complete inspections, photographs, repairs, replacements, and/or other unspecified maintenance on its already existing equipment located on the Tower and/or on the ground adjacent to the Tower at the Site.

11. Defendant, and its representatives, shall not interfere with AT&T's employees, agents, or contractors at the Site.

12. This Joint Stipulation shall act as an Order of the Court and shall pertain to all successors in interest to either Plaintiff or Defendant.

13. Any disobedience of this Order may be punished by contempt of Court by the undersigned judge, or any other judge with proper judicial authority.

IT IS THEREFORE STIPULATED, ORDERED, ADJUDGED, AND DECREED that the Lease is valid and binding and that the Parties have jointly agreed to resolve AT&T's Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. No. 3). AT&T shall have full twenty-four (24) hours a day, seven (7) days a week, access to the Site. Counsel for Defendant has provided AT&T keys and/or combinations for any locks securing the gates from unauthorized access. If Defendant changes the keys or combinations to any of the locks, Defendant's counsel shall provide AT&T's counsel the new keys or combinations within twenty- four (24) hours.

AT&T shall have full twenty-four (24) hours a day, seven (7) days a week, access to the Site to inspect, photograph, repair, replace, and/or complete maintenance and upkeep on its existing equipment located on the Tower and on the ground adjacent to the Tower at the Site. AT&T shall be permitted to replace any equipment that fails. If the exact equipment that fails cannot be obtained, AT&T has permission to replace failed equipment on both the Tower and ground with similar equipment.

While this litigation is pending, AT&T shall not, without permission from the Court, increase the number, dimensions, or weight of equipment on the Tower or impact the wind load on the Tower.

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that AT&T shall have no obligation to provide Defendant notice when access is needed to the Site, AT&T shall have no obligation to provide Defendant notice to complete inspections, photographs, repairs, replacements, and or other unspecified maintenance on its already existing equipment located on the Tower and/or on the ground adjacent to the Tower at the Site, and Defendant shall not interfere with AT&T's employees, agents, or contractors will they are at the Site.

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that this Joint Stipulation shall act as an Order of the Court and shall pertain to all successors in interest to either Plaintiff or Defendant.  Any disobedience of this Order may be punished by contempt of Court by the undersigned judge, or any other judge with proper judicial authority.

It is so ordered this 8th day of June, 2020.

_____
Kristine G. Baker
United States District Judge

Stipulated and agreed to:


*/s/ Jeremy K. Ward*
Jeremy K. Ward, Ark. Bar No. 2012014
FRANDEN, FARRIS, QUILLIN,
   GOODNIGHT & ROBERTS
Two West Second St., Suite 900
Tulsa, OK  74103-3101
918/583-7129
FAX 918/584-3814
jward@tulsalawyer.com
***Attorney for Plaintiff***



/s/ Gary J. Barrett
Gary J. Barrett, Ark. Bar No. 200071
12410 Cantrell Rd., Suite 100
Little Rock, AR 72223
(501) 372-2877 Telephone
(501) 707-1214 Fax
barrett@garyjbarrett.com
***Attorney for Defendant***